UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK GLIHA,

    Plaintiff,

v.

THE CATALYST GROUP OF COMPANIES,
LLC, et al.,

    Defendant.

_____/

Case No. 2:25-cv-11782

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS AND FOR ALTERNATIVE SERVICE AS TO DEFENDANT, THE CATALYST GROUP OF COMPANIES, LLC (ECF No. 4)**

On April 3, 2025, Plaintiff Mark Gliha sued Defendants The Catalyst Group of Companies, LLC (Catalyst) and Pfizer, Inc. (Pfizer) in Oakland County Circuit Court, alleging "Violation of Public Policy" and Breach of Contract. ECF No. 1-1. Three months later, Pfizer removed the matter to this Court. ECF No. 1. At the time of removal, Catalyst still had not been served with process. *Id.* at PageID.2.

On June 27, 2025, Gliha moved for an extension of time for service of process and for alternate service as to Catalyst. ECF No. 4. In support, Gliha outlined several attempts at service, including three attempts at personal service and two attempts at service by mail. *Id.* at PageID.204–19. Gliha further stated his belief that Catalyst was evading service. *Id.* at PageID.174. In addition to requesting an additional 90

days to serve Catalyst, Gliha also sought permission to perfect service upon Catalyst at 317 George Street, Suite 320, New Brunswick, NJ 08901 by (1) certified mail, (2) first-class mail, and (3) hand-delivery. *Id.* at PageID.180.

Notably, on July 8, 2025, Gliha filed certificates of service and summons returned executed. ECF Nos. 6; 7. According to those filings, Catalyst was served by certified mail on Jule 30, 2025, several days before the deadline for service. *Id.* Accordingly, no extension is needed, so that part of the motion will be denied as moot. However, this Court will grant the motion in part insofar as Gliha sought to serve Catalyst by certified mail to its headquarters.

In a federal proceeding, a corporation, partnership, or association may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Moseley v. Regency Transp.*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (quoting FED. R. CIV. P. 4(e)(1)); *see also* FED. R. CIV. P. 4(h)(1)(A). Alternatively, service may be made by delivering a copy of the summons and complaint to an authorized agent and by mailing a copy of each to the defendant. FED. R. CIV. P. 4(h)(1)(B). In Michigan, a Limited Liability Company may be served by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the

    complaint by registered mail, addressed to the registered office of the limited liability company.

    (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint.

Mich. Ct. R. 2.105(H).

If a party shows that "service of process cannot reasonably be made as provided by [these rules]," then the court may exercise its discretion with an order to permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceeding and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). Leave for alternate service requires "(1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *Moseley*, 525 F. Supp. 3d at 825 (quoting *Krueger v. Williams*, 300 N.W.2d 910, 916 (Mich. 1981).

Gliha adequately demonstrated that service could not be made by personal service. ECF No. 4. And his alternate-service proposals of sending the summons and complaint by certified mail, first-class mail, and hand-delivery to Catalyst's headquarters were clearly sufficient to provide actual notice to Catalyst, given that Catalyst was served on June 30, 2025, and filed appearances shortly after. ECF Nos.

6; 7; 8; 9. Therefore, this Court will grant the motion in part to the extent it seeks permission for alternate service.

Accordingly, it is **ORDERED** that Plaintiff's Motion, ECF No. 4, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Gliha's Motion, ECF No. 4, is **GRANTED IN PART** insofar as he is permitted to effectuate service by sending a copy of the summons and complaint to Catalyst's headquarters at 317 George Street, Suite 320, New Brunswick, NJ 08901, by certified mail.

2. Gliha's Motion, ECF No. 4, is **DENIED IN PART** insofar as he seeks an extension, as he already served Catalyst within the time limits for service, mooting the issue.

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 14, 2025